UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmett Ray Nall, | ) |
|                            Petitioner, | ) C/A No. 6:12-2375-JFA-KFM ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Warden Cartledge, | ) ) |
|                            Respondent. | ) ) |
| _____ | ) |

Petitioner, Emmett Ray Nall ("Petitioner"), a state prisoner in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. Petitioner is serving a sentence of life imprisonment without parole for burglary, after being convicted and sentenced in Greenville County General Sessions Court on September 16, 1997. Having reviewed the instant Petition and applicable law, the Court finds that this § 2241 Petition should be summarily dismissed, without prejudice and without requiring Respondent to file a return, because this Court lacks jurisdiction to entertain it.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner has simultaneously filed a § 2254 habeas petition, challenging this same conviction and sentence, in *Nall v. Cartledge, et al.*, C/A No. 6:12-2424-JFA-KFM (D.S.C.). Petitioner has previously filed two § 2254 habeas petitions in this Court challenging this same conviction and sentence and challenging two prior 1986 convictions for second

degree burglary that were considered by the state court in imposing Petitioner's enhanced sentence pursuant to S.C Code § 17-25-45, following Petitioner's jury trial in Greenville County General Sessions Court, on September 16, 1997.[1] In *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.), this Court granted summary judgment for the Respondent and denied Petitioner's § 2254 habeas petition. C/A No. 07-1483, ECF No. 81.[2] Petitioner appealed this Court's judgment, and the United States Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal, on August 26, 2009. C/A No. 07-1483, ECF No. 92. *See Nall v. Bazzle*, 332 F. App'x 101, 2009 U.S. App. LEXIS 19182 (4th Cir. S.C., 2009). This disposition constituted a final adjudication on the merits determining the legality of

---

[1] The Court takes judicial notice of Petitioner's prior related proceedings in this district court and in the United States Fourth Circuit Court of Appeals, *i.e. Nall v. Cartledge, et al.*, C/A No. 6:12-2424-JFA-KFM (D.S.C.); *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012), 2012 WL 193686 (D.S.C.); and *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] This Court found that: Petitioner had not shown that the state court improperly applied clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding; neither Petitioner's trial nor appellate counsel were constitutionally ineffective for failing to challenge the judge's correct determination; Petitioner's claim of lack of advice of collateral issues, *i.e.* that he would not have pled guilty in 1986 had he known that his offenses would be used to seek a life sentence in 1997, was a sentencing matter/collateral consequence based on state law which was not cognizable in a federal habeas action; Petitioner's claim that the state trial court erred in refusing to allow a continuance for Petitioner's late request to obtain private counsel did not outweigh the trial court's need to go forward on the day of trial with competent counsel; Petitioner had procedurally bypassed his opportunity for relief in the state court on his claims of trial counsel's ineffectiveness due to failure to meet with Petitioner prior to his trial and the prosecutor's vindictiveness, thus, those claims were barred from consideration in a federal habeas action; Petitioner failed to show cause and prejudice to excuse his procedural default; and Petitioner's claims of infirmities in his state PCR proceedings were not matters that could be addressed in a federal habeas action, *see Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988). *See Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 at *7-13 (D.S.C.).

Petitioner's detention. *See* 28 U.S.C. § 2244(a); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable in § 2241 habeas actions also, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases); *Slack v. McDaniel*, 529 U.S. 473, 485-89 (1999); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir 2002) (abrogated on other grounds *Skinner v. Switzer*, 131 S.Ct. 1289, (2011)).

In *Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM (D.S.C.), ECF No. 1, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012), 2012 WL 193686 (D.S.C.), this Court summarily dismissed Petitioner's second § 2254 habeas petition, without prejudice and without requiring the respondent to file a return.[3]  Petitioner appealed this Court's judgment, and, again, the United States Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal, on June 5, 2012.  *See Nall v. McCall*, 473 F. App'x 198, 2012 U.S. App. LEXIS 11430, 2012 WL 1997709 (4th Cir. S.C., 2012).

In his simultaneously-filed § 2254 habeas petition, Petitioner once again seeks to challenge his 1997 conviction and sentence of life imprisonment without parole.  Petitioner alleges three grounds for relief: (1) that his two prior state court convictions for second degree burglary, entered against him on March 20, 1986, in Cherokee County, which were

---

[3] The Court gave the following reasons: (1) the Court lacked jurisdiction to hear the petition, as Petitioner was no longer "in custody" pursuant to the challenged 1986 convictions; (2) the petition was clearly untimely under 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations on the filing of § 2254 habeas petition challenging a state court conviction; (3) the petition constituted a second or successive claim under 28 U.S.C. 2244(b)(1), which had already been presented in Petitioner's prior habeas petition, in *Nall v. Bazzle*; and (4) Petitioner's allegation that labeling his 1986 convictions as violent crimes for purposes of the recidivist statute violated the Constitution's prohibition against ex-post facto laws indirectly challenged Petitioner's 1997 convictions and, as such, was barred by 28 U.S.C. § 2244(b)(1) because it was untimely and constituted a second or successive claim that had already been denied in Petitioner's prior § 2254 habeas petition.  *See Nall v. McCall*, C/A No. 6:11-2771-JFA-KFM (D.S.C.), ECF No. 1, 2011 U.S. Dist. LEXIS 144120 (as amended Jan. 23, 2012) at *3-9, 2012 WL 193686 at *2-3 (D.S.C.).

3

used to enhance the sentence that he is presently serving, should not have been counted as two separate offenses by the sentencing court; (2) that his Sixth Amendment right to effective assistance of counsel was violated by Petitioner's trial counsel's failure to argue that the State did not have the right to seek a sentence of life without parole pursuant to the recidivist statute, S.C. Code § 17-25-45; and (3) that his 1997 conviction and sentence constitute an ex-post facto violation because the State unlawfully retroactively converted Petitioners' two prior second degree burglary convictions, which were not classified as violent offenses when Petitioner was convicted of them in 1986, into violent offenses for purposes of imposing an enhanced sentence on Petitioner in 1997.  *See Nall v. Cartledge, et al.*, C/A No. 6:12-2424-JFA-KFM (D.S.C.), ECF No. 1, p. 6-9.  The undersigned has issued a Report and Recommendation in C/A No. 12-2424, recommending that the § 2254 habeas petition be summarily dismissed because it is successive to the § 2254 petitions filed in *Nall v. Bazzle* and *Nall v. McCall*, and Petitioner did not obtain authorization from the Fourth Circuit before filing it in this Court.

In the instant § 2241 Petition, Petitioner raises two grounds: (1) "sentence unlawful pursuant to federal law," and (2) "Petitioner suffered 6th Amendment violation, was granted relief on P.C.R. but was reversed without the issue being addressed by the State Supreme Court who reversed the grant of relief."  ECF No. 1, p. 8.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 habeas petitions pursuant to Rule 1(b) of the Rules). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d

5

1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The styling or captioning of the instant Petition as a § 2241 Petition will not enable this Court to address Petitioner's § 2254 claims. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), which is cited in *Ferrell v. Warden of Lieber Corr. Inst.*, C.A. No. 9:10-1223-CMC-BM, 2010 U.S. Dist. LEXIS 84371, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), adopted, 2010 U.S. Dist. LEXIS 84376, 2010 WL 3258295 (D.S.C. Aug. 16, 2010). *Thomas v. Crosby* was also cited by the Honorable Henry F. Floyd, (then) United States District Judge, in *Rochester v. Reynolds*, Civil Action No, 8:10-1879-HFF-BHH, 2010 U.S. Dist. LEXIS 99863, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (collecting cases), appeal dismissed, 412 F. App'x. 571, 2011 WL 64126 (4th Cir. 2011); *cf. Gregory v. Coleman*, 218 F. App'x. 266, 267 n. 1, 2007 WL 570522 (4th Cir. 2007) (noting disagreements among other United States Courts of Appeals as to whether 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction).

Moreover, the claims raised by Petitioner in the instant case are successive § 2254 claims and duplicative of the claims asserted by Petitioner in his simultaneously filed § 2254 habeas case, which is currently pending in C/A No. 12-2424-JFA-KFM (D.S.C.).

As noted above, the standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).  Because *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, 2009 U.S. Dist. LEXIS 131692 (D.S.C.) affirmed by *Nall v. Bazzle*, 332 F. App'x 101, 2009 U.S. App. LEXIS 19182 (4th Cir. S.C., 2009) was decided by summary judgment, the instant § 2241 Petition is successive, as is Petitioner's pending § 2254 petition in C/A No. 12-2424, and as was Petitioner's previous § 2254 petition in *Nall v. McCall*.  The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 U.S. Dist. LEXIS 68795, 2010 WL 2720912 (D.S.C. July 8, 2010).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

7

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the instant Petition. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus [or the equivalent thereof] or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

Moreover, this Court should not entertain two separate, virtually identical habeas corpus petitions filed by the same Petitioner, seeking to challenge the same state court conviction, alleging the same constitutional violations, and involving the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

The Petition filed in this case should be summarily dismissed because it is, in actuality, a successive § 2254 petition. Petitioner has not requested and received permission from the United States Fourth Circuit Court of Appeals before submitting it to this Court, and it is duplicative of another § 2254 petition, which was filed in this Court by Petitioner on the same day, August 22, 2012.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

November 26, 2012                                           s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).