UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Emmett Ray Nall, | ) | C/A No.  6:12-2375-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Emmett Ray Nall, brings this action pursuant to 28 U.S.C. § 2241 challenging his 1997 state court conviction and life sentence..

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines that the petition is actually a successive petition under 28 U.S.C. § 2254 and that it should be summarily dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously raised a challenge to his state conviction in *Nall v. Bazzle* (C/A No. 6:07-1483-JFA-WMC) and *Nall v. McCall* (C/A 6:11-2771-JFA-KFM), wherein the court considered the petition on the merits and granted summary judgment to the respondent. In addition, the Magistrate Judge

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

has issued a separate Report and Recommendation regarding petitioner's other successive petition under § 2254 (C/A No. 6:12-2424-JFA-KFM). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation. The petitioner filed a one-page objection memorandum conceding that he mistakenly filed another § 2254 habeas petition at the same time as this present § 2241 petition. He also suggests that the Magistrate Judge did not address the petitioner's Fed. R. Crim. P. Rule 35 motion. The court finds these objections unpersuasive and as such, they are overruled.

The Magistrate Judge is correct in his opinion that the claims raised in this petition are successive. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).[2]

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
June 4, 2013                                             United States District Judge
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

3